IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) MICHELLE M. BOISSEAU, )
        Plaintiff, )
)
v. ) Case No. 15-CV-489-TCK-PJC
)
(1) THE LASALLE GROUP INC., )
    dba AUTUMN LEAVES OF TULSA )
a foreign for profit business corporation, ) JURY TRIAL DEMANDED
) ATTORNEY'S LIEN CLAIMED
        Defendant. )

## COMPLAINT

COMES NOW Plaintiff, Michelle M. Boisseau, ("Plaintiff"), through undersigned counsel, and hereby submits the following Complaint against The LaSalle Group Inc. dba Autumn Leaves of Tulsa, ("Defendant"), and states and alleges as follows:

### JURISDICTION AND VENUE

1. Ther action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the laws of the State of Oklahoma.

2. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

3. This Court has jurisdiction over the parties and the subject matter of this action, pursuant to 28 U.S.C. § 1331, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy at issue herein.

1

## PARTIES AND STATUTORY PREREQUISITES

4. Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and Plaintiff has stated her religious beliefs and practices in the workplace.

5. Plaintiff is an employee as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

6. Defendant is a foreign for profit Business Corporation, conducting business within the Northern District of Oklahoma.

7. Defendant is an employer as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

8. In conformance with Title VII statutory prerequisites, Plaintiff filed her Intake Questionnaire and a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), within the statutory time period. The EEOC has now issued a Right to Sue letter for Plaintiff, which was received on or about May 29, 2015. Accordingly, the filing of this action is timely made.

## OPERATIVE FACTS

9. Ms. Boisseau was employed with The LaSalle Group, Inc. d.b.a Autumn Leaves of Tulsa beginning on or about January 2, 2014.

10. During her employment she was subjected to harassment and intimidation because of her religion. Boisseau was insulted, threatened, bullied and ostracized by co-workers due to her expression of her religious beliefs and practices.

11. Boisseau reported the harassment and intimidation to management. Nothing was done. After reporting to management, the retaliation began.

12. She was told by management that "different rules" applied to her and was treated in a different manner than her similarly situated co-workers, who were permitted to speak without restrictions regarding their political, ideological and religious views.

13. Ms. Boisseau was told by management that if she did not stop singing Christian songs in the workplace, she would lose her job.

14. On or about April 14, 2014, Boisseau's employment was terminated, for a false and pretextual reason.

15. No reason was given for the harassment and intimidation. No reason was given for not stopping the religious harassment and intimidation. No reason was given for the different terms and conditions of employment.

16. Boisseau states that the reason for her discharge was a pretext for retaliation. Boisseau states that she has been discriminated against because of her religion and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

17. As a direct result of the extreme and outrageous treatment to which Plaintiff Boisseau was subjected by Defendant, she has suffered physical and emotional symptoms that continue through the present.

**FIRST CLAIM FOR RELIEF
(RELIGIOUS HARASSMENT IN VIOLATION OF TITLE VII)**

18. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

19. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was

created, due to the on-going religious harassment directed towards her.

20. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

21. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

22. Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to her.

23. Plaintiff has been injured by this religious harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (RELIGIOUS HARASSMENT IN VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT)

24. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

25. That Plaintiff is a member of a protected class, to wit: Christian.

28. That Oklahoma law prohibits religious discrimination, harassment and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting religious discrimination, harassment and retaliation.

29. That Plaintiff was discriminated against and harassed due to her religion and retaliated against during her employment as prohibited by the OADA.

30. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

31. That the conduct complained of constitutes illegal religious discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief ther Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

32. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

33. That as a direct and proximate result of reporting the religious harassment she was being subjected to by Defendant's agents and/or employees, Plaintiff was retaliated against by

Defendant.

34. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed towards Plaintiff.

35. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

36. Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

37. Plaintiff has been injured by the retaliation she was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE,** Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief ther Honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

38. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

39. That Defendant knew or should have known that Defendant's agents and employees had a propensity for harassing employees due to religion, as demonstrated by previous complaints made against that employee by Plaintiff, and others, and the observations of its management and/or supervisory employees.

40. That at the time Defendant's agent and employee was harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

41. That Defendant failed to act upon this belief.

42. That Plaintiff was injured because of Defendant's failure to act.

43. That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

_____
Terry A. Hall, OBA #10668
4000 N Kickapoo
Shawnee, Oklahoma 74804
(405) 275-5242
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff